IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OD SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Janietha Gary, ) | C.A. No.: 2:15-cv-02806-RMG-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| AutoZone, Inc., d/b/a Autozone Auto Parts, ) | JURY TRAIL DEMANDED |
| and AutoZoners, LLC ) | |
| Defendant. ) | |
| ) | |

Plaintiff, coming before this Honorable Court, states the following:

## PARTIES AND JURISDICTION

1. Plaintiff is a resident and citizen of Charleston County, South Carolina.

2. Upon information and belief, AutoZone, Inc., d/b/a Autozone Auto Parts and AutoZoner, LLC (hereinafter referred to "Defendant") owns property and does business in various counties throughout the State of South Carolina. The majority of incidents in question occurred in the County of Charleston, State of South Carolina.

3. Plaintiff was an employee of the Defendant at all times alleged herein.

4. This court has jurisdiction to hear this matter pursuant to 28 U.S.C. §1331 (Federal Question Jurisdiction).

## BACKGROUND/FACTS

5. Plaintiff realleges all previous paragraphs as if fully restated herein.

6. At or during all relevant times herein, Plaintiff was an employee of the Defendant.

7. Prior to November 15, 2013, Plaintiff's working conditions became so intolerable that a reasonable person in the Plaintiff's position would have felt compelled to resign. Plaintiff

asked for a transfer to a different location because of Plaintiff's working condition. Plaintiff's transfer was denied and Plaintiff was terminated, effective November 15, 2013.

8. As a result, Plaintiff was wrongfully discharged on November 15, 2013. Prior to her termination, Plaintiff had been subjected to repeatedly harassing and retaliatory behavior at the hands of Plaintiff's supervisors. As a result of the sexual harassment and assault she endured, Plaintiff made repeated reports of the sexually harassing and abusive behavior which Plaintiff experienced over the course of her employment. After Plaintiff made those reports of sexual harassment and sexual assault by Plaintiff's supervisor during the course of her employment, Plaintiff's supervisors cut Plaintiff's hours and repeatedly sent her home early, thus affecting her income and benefits and constituting an "adverse employment action" against Plaintiff.

## FOR A FIRT CLAIM
(<u>SEX DISCRIMINATION IN EMPLOYMENT</u>)

9. Plaintiff realleges all previous paragraphs as if fully restated herein.

10. Defendant is an employer with over fifteen employees and is subject to the provisions of the Civil Rights Act of 1964, as amended, which forbids gender-based discrimination and sexual harassment as well as retaliation for protected speech relating to unlawful conduct of the same.

11. Plaintiff alleges she was subject to adverse employment as detailed above and treated differently in employment decisions because of her gender. Specifically, Plaintiff was subjected to severe and pervasive discriminatory conduct at the hands of the Plaintiff's supervisor and despite her complaint regarding same, Defendant failed and refused to take corrective action to stop Plaintiff's supervisor's behavior. Plaintiff brought this illegal conduct to the attention of Defendant representative, but Defendant's agents failed and

refused to remedy the conduct. Rather, Plaintiff's supervisor chose to engage in a pattern and practice of treating Plaintiff even more harshly in terms and conditions of her employment.

12. As a result, Plaintiff was otherwise discriminated against regarding terms, conditions and/or privileges of her employment because of her gender (female).

13. These acts are contemptable in a civilized society, and constitute a violation of the Title VII of the Civil Rights Act of 1964, as amended, which prohibits sex discrimination and harassment by employers in America, including Defendant.

14. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). The EEOC investigated and subsequently issued a Right-to-Sue letter. That Right-to-Sue was issued on or about April 14, 2015 postmarked on April 15, 2015 and received by Plaintiff on or after April 17, 2015.

15. Plaintiff has timely brought this suit.

16. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been degraded, her income has been severely reduced, her self-esteem has been diminished. She has suffered and will continue to suffer shame and humiliation, loss of enjoyment of life and other actual harm to be shown to the triers of fact. Plaintiff has lost wages and benefits since November 15, 2013 as a result of Defendant's acts.

17. Accordingly, Plaintiff requests this Court award her actual damages, compensatory damages, back pay, equitable relief as available, an Order directing Defendant to discontinue its sexually discriminatory practices, and any such other and further relief deemed appropriate by this Court.

18. Further, Plaintiff contends the actions by the Defendant were willful, intentional and/or in flagrant disregard of law and, therefore, she is entitled to punitive damages to the fullest

extent for a five hundred plus employee company, litigation costs and attorney's fees pursuant to 42 U.S.C. § 1988, and other such other and further relief available as a result of this intentional conduct.

## FOR A SECOND CAUSE OF ACTION
### (RETALIATION FOR TITLE VII ASSERTIONS AND PROTECTED ACTIVITY)

19. Plaintiff realleges all previous paragraphs as if fully restated herein.

20. Plaintiff made repeated complaints regarding sexually harassing behavior by Plaintiff's supervisor, which fell on the deaf ears of Defendant's representatives.

21. After making said complaints to Defendant's representatives Plaintiff's hours were reduced for false and pretextual reasons and, eventually, Plaintiff duties were removed from her.

22. Defendant's actions against Plaintiff were in retaliation for engaging in activity protected by Title VII of the Civil Rights Act of 1964, as amended.

23. Plaintiffs filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).  The EEOC conducted an investigation and subsequently issued a Right-to-Sue. That Notice of Right to Sue on or about April 14, 2015, postmarked on April 15 and received by Plaintiff on or after April 17, 2015.

24. Plaintiff has timely brought this suit.

25. As a direct and proximate result of the Defendant's wrongful conduct, Plaintiff has suffered actual harm, including lost wages from November 15, 2013 until the time she regained re-employment along with lost employment benefits, and future wages and benefits (front wages).

26. Accordingly, Plaintiff requests this Court award her actual damages, compensatory damages, back pay and front pay, equitable relief as available, and any such other and further relief deemed appropriate by this Court.

27. Further, the actions by the Defendant were willful, intentional and/or in flagrant disregard of law and, therefore, Plaintiff alleges she is entitled to punitive damages, litigation costs and attorneys fees as a result of the above intentional conduct.

**WHEREFORE**, having fully set forth her claims, Plaintiff prays for relief as follows:

1. A jury trial on all claims;

2. Actual damages and compensatory damages as may be awarded by a jury, for all damages naturally flowing from Defendant's unlawful acts;

3. Punitive damages as may be awarded by a jury to deter Defendant from further similar unlawful acts and conduct as suffered by the Plaintiff;

4. Attorney's fees and costs, including expert fees and all other costs, incurred by the Plaintiff in the bringing of this action; and

5. Such other and further relief as this Court, and jury of Plaintiff's peers, deems just and proper.

Respectfully Submitted,

s/Louis S. Moore, Esq.
Louis S. Moore, Esq., Fed. ID#9989
The Moore Law Firm, LLC of Charleston
27 Gamecock Avenue, Suite 200
Charleston, South Carolina 29407
Office:  843.575-6070
Fax: 843.491-4438
lou@themoorelawfirmllc.com